IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ISREAL PAGE**                                                                 **PETITIONER**

**V.**                               **CIVIL ACTION NO. 1:15CV161-MPM-SAA**

**EARNEST LEE and ATTORNEY GENERAL**
**OF THE STATE OF MISSISSIPPI**                                      **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the *pro se* petition of Isreal Page, Mississippi prisoner # 59118, for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set forth below, the stay and abeyance previously entered in this cause is lifted, Respondents' motion to dismiss the petition is granted, and the instant petition is dismissed with prejudice.

**Procedural History**

Page was convicted of murder and possession of a firearm by a convicted felon in the Circuit Court of Oktibbeha County, Mississippi. On August 3, 2005, he was sentenced to serve life for the murder charge and three (3) years for the firearm charge in the custody of the Mississippi Department of Corrections. *See* Mot. to Dismiss, Ex. A. Page appealed his convictions and sentences, and on August 28, 2007, the Mississippi Court of Appeals affirmed the judgment of the circuit court. *Id.*, Ex. B; *see also Page v. State*, 989 So. 2d 887 (Miss. Ct. App. 2007), *reh'g denied*, May 20, 2008, *cert. denied*, Aug. 28, 2008 (Cause No. 2006-KA-00330-COA). Page did not seek certiorari review with the United States Supreme Court.

On June 4, 2008, Page signed an application to proceed on a motion for post-conviction relief, though it was not filed in the Mississippi Supreme Court until September 29, 2008. *Id.*, Ex. C. The Mississippi Supreme Court denied the application by order filed November 5, 2008.

*Id.*, Ex. D.  Page signed his federal habeas petition on September 1, 2015, and it was stamped "filed" in this Court on September 9, 2015.  *See* ECF No. 1.  After the Court entered an order directing Respondents to respond to Page's allegations, Respondents moved to dismiss the instant petition as time-barred.  *See* ECF No. 8.  Shortly thereafter, Page filed a motion requesting that the Court hold his petition in abeyance to allow him to proceed in State court on claims involving newly-discovered evidence.  *See* ECF No. 9.  On December 11, 2015, the Court granted Page's request and stayed federal proceedings on the condition that Page file for relief in State court within thirty days and submit documents to the Court verifying that he had filed for relief in State court.  *See* ECF No. 10.  The order staying the proceedings cautioned Page that his failure to seek relief in State court within the allotted time frame would result in the Court lifting the stay on its own motion and adjudicating the case on the record before it.  *Id.*

Thereafter, the Court granted Page's subsequent requests for extensions of time to file proceedings in State court, directing him to verify his new State-court proceedings in this Court no later than March 3, 2016.  *See* ECF Nos. 12, 13, 15, and 16.  The orders extending time also advised Page that his failure to comply would result in a lift of the stay of proceedings.  *See* ECF Nos. 13 and 16.  To date, Page has not submitted anything to this Court suggesting that he has attempted to pursue relief in State court, and a search of the online records of the Mississippi Supreme Court does not reveal any recent submissions by Page.  *See* https://courts.ms.gov/appellate_courts/generaldocket.html (last visited March 7, 2016).  Therefore, the Court lifts the stay and abeyance previously entered in this cause and adjudicates this case on the record before it.

## Legal Standard

The instant petition for writ of habeas corpus is subject to the statute of limitations of the

Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion should be granted turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

A state court judgment generally becomes final "upon denial of certiorari by the Supreme Court or expiration of the period" of time to seek it. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Because Page did not seek certiorari review, his judgment became "final" for purposes of the AEDPA on November 26, 2008— ninety days after his convictions and sentences reached a

final decision in State court (August 28, 2008 plus 90 days).¹ *See* 28 U.S.C. § 2101; *Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653-54 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'— when the time for pursuing direct review in this Court, or in state court, expires"). Therefore, unless Page filed a "properly filed" State post-conviction application as contemplated by 28 U.S.C. § 2244(d)(2) on or before November 26, 2009, to toll the limitations period, his habeas petition was filed too late. Because Page filed for post-conviction relief before the November 26, 2009, deadline, he is entitled to statutory tolling for the 154 days his post-conviction motion was pending (June 4, 2008 through November 5, 2008).² Therefore, Page's adjusted federal habeas deadline was April 29, 2010 (November 26, 2009 plus 154 days).³

Page's federal habeas petition was "filed" sometime between when it was signed on September 1, 2015, and when it was stamped as filed in this Court on September 9, 2015. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a *pro se* prisoner's petition filed on the date it is delivered to prison officials for mailing). Either date is well past the expiration of the federal deadline.

Accordingly, federal habeas relief is available to Page only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the

---

¹ The exceptions of § 2244(d)(1)(B-D) are inapplicable in this case.

² The delay between the signature date and filing date of Page's post-conviction application indicates that the signature date might be incorrect. The Court nonetheless gives Page the benefit of the earlier filing date.

³ Page filed a second motion for post-conviction relief on November 25, 2014. *See* Mot. to Dismiss, Ex. E. Because this motion was filed outside of the adjusted federal deadline, it does not serve to toll expiration of the AEDPA's statute of limitations.

limitations period.  *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).  Page's unfamiliarity with the law is insufficient reason to warrant equitable tolling.  *See Felder*, 204 F.3d at 172 and n.10; *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (equitable tolling is not required simply because a petitioner is unfamiliar with the law, is unrepresented, or is illiterate).  Rather, equitable tolling is available "if the [petitioner was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights."  *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted).  There is no reasonable basis before the Court to conclude that either circumstance is applicable to Page's delay.  Therefore, the Court determines that Page is not entitled to equitable tolling of the limitations period.  Respondents' motion is granted, and the petition is dismissed as untimely.

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA")  upon the entry of a final order adverse to the petitioner.  Page must obtain a COA before appealing this Court's decision denying federal habeas relief.  *See* 28 U.S.C. § 2253(c)(1).  Because the instant petition is rejected on procedural grounds, Page must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order for a COA to issue.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Applying this standard, the Court concludes that a COA should be denied in this case.

### Conclusion

For the reasons set forth herein, the Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to § 2244(d)" [8] and **DISMISSES** with prejudice the petition filed in this cause.  For

the reasons set forth in this opinion and order, the Court further **ORDERS** that a certificate of appealability be denied. Any pending motions are **DISMISSED** as moot.

**SO ORDERED** this the 7th day of March, 2016.

/s/ Michael P. Mills
**MICHAEL P. MILLS**
**U.S. DISTRICT JUDGE**